## No. 5063.

GEORGE L. WALTON *v.* POLICE JURY, Parish of Concordia, et als.

The fact that only one of the non-resident parties executed an appeal bond under an order in favor of all, can not invalidate the appeal taken by him. Those who are not appellants are appellees, and the appellant has the right to prosecute his appeal, which is regularly taken, although his co-defendants may acquiesce in the judgment; nor is it impossible to declare the judgment null and inoperative as to the appellants, and leave it undisturbed as to the others against whom it is rendered.

One judgment debtor has the right to be relieved from an erroneous judgment, although his co-debtors in the judgment do not see proper to complain. The non-action of one does not prevent another from acting.

The exception to the jurisdiction of the court below, *ratione materiæ*, should have been sustained, the interest of the plaintiff being less than five hundred dollars. Plaintiff has no greater right to annul or injoin in this proceeding the bonds issued by the police jury of the parish of Concordia, than if he were resisting the payment of his tax levied to pay the interest on the bonds, and as his whole tax, set forth in his petition, does not exceed five hundred dollars, the district court did not have jurisdiction of his demand.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J. *George S. Sawyer* and *John Ray*, for plaintiff and appellee. *Wm. B. Spencer*, curator *ad hoc* for one of the appellants, and attorney for the other.

HOWELL, J. A motion is made to dismiss this appeal on the ground that the motion and order for appeal were made and granted on behalf of some ninety non-resident parties represented by the curator *ad hoc*, and only one had executed bond, and that the appeal is taken by the said one party and one resident, each of whom has furnished a bond,

and the court can not disturb the judgment as to said appellants and leave it in force as to all the others, the effect of which judgment being to annul certain bonds issued by the police jury of Concordia, and they must be valid in whole or invalid in whole.

The fact that only one of the non-resident parties executed an appeal bond under an order in favor of all, can not invalidate the appeal taken by him. Those who are not appellants are appellees and the appellant has the right to prosecute his appeal which is regularly taken, although his co-defendants may acquiesce in the judgment. Nor is it impossible to declare the judgment null or inoperative as to the two appellants and leave it undisturbed as to the others against whom it is rendered. One judgment debtor has the right to be relieved from an erroneous judgment, although his co-debtors in the judgment do not see proper to complain. The non-action of one does not prevent another from acting.

The motion to dismiss must be refused.

The plaintiff, a taxpayer in the parish of Concordia, injoined the police jury of said parish from levying any further tax on his property to pay any interest or principal of certain bonds, also the tax collector from collecting the tax already levied upon his property for such purpose, and the parish treasurer from paying the interest or principal of said bonds, and he prayed that said bonds be declared null, contradictorily with said officers and the bondholders on various grounds. He caused the said parties to be cited personally and through a curator *ad hoc* appointed to represent the non-resident bondholders.

After hearing the parties, the district judge rendered judgment perpetuating the injunction and annulling the bonds from which one resident and one non-resident bondholder appealed.

The first question presented is an exception to the jurisdiction of the court below *ratione materiæ*, the interest of the plaintiff being less than five hundred dollars. He alleges that his annual parish tax amounts to some four hundred dollars, and a large portion thereof is required to pay the interest, accruing annually on the bonds in question. As to his right to annul or injoin the bonds in this proceeding, he has no greater rights than if he were resisting the payment of his tax, levied to pay the interest on the bonds, and as his whole tax, set forth in his petition, does not exceed five hundred dollars, the district court did not have jurisdiction of his demand.

It is therefore ordered that the judgment appealed from and the proceedings in this suit in the district court, be declared null and the action be dismissed as to the appellants. Costs in both courts to be paid by appellees.

Rehearing refused.